UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOHN and JANE DOE, as the parents, next friends, and natural guardians of Mary Doe, a minor, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) |
| WILLIAMSBURG INDEPENDENT SCHOOL DISTRICT, *et al.,* | ) ) ) |
| Defendants. | ) ) |

No. 6:15-cv-75-GFVT-HAI

**MEMORANDUM OPINION
&
ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendants' Motion for Leave to File a Third Party Complaint. [R. 37.] Defendants Williamsburg Independent School District, Dennis W. Byrd, and Gary Peters seek permission from the Court to file a third party complaint naming Mr. John Massey and Mrs. Jane Doe as third party defendants. For the following reasons, the Court DENIES the Defendants' motion.

**I**

The above-styled action concerns the alleged sexual abuse of Mary Doe, a student at Williamsburg Independent School District ("WISD"), by Mr. John Massey, a WISD assistant football coach.[1] [R. 1.] Plaintiffs John and Jane Doe bring this lawsuit as the parents, next

---

[1] Proposed third party defendant Jane Doe challenges the sufficiency of the third party complaint under a Rule 12(b)(6) motion to dismiss standard. *See* discussion at 4-6, *supra*. Accordingly, the Court construes the proposed third party complaint—which incorporates by reference the complaint filed at R. 1—in the light most favorable to the proposed third party plaintiffs. *See, e.g., League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

friends, and natural guardians of their minor daughter Mary. The complaint names as Defendants Mr. Dennis W. Byrd, in his individual and official capacity as Superintendent of WISD; Mr. Gary Peters, in his individual and official capacity as Principal of WISD; and the Williamsburg Independent School District. [*Id.*]

According to the facts set forth in the complaint, Mary Doe served as an athletic trainer for the WISD football team during the summer between her freshman and sophomore years of high school. Towards the beginning of her sophomore year of high school, Coach Massey allegedly began sexually abusing Mary. The Plaintiffs claim that in September 2014 Principal Peters, Superintendent Byrd, and WISD learned and/or formed a reasonable suspicion that Massey was abusing Mary. The Defendants held a meeting with Massey during which Massey denied the allegations of sexual abuse. Subsequently, the Defendants did not investigate the allegations further and did not report the allegations to the proper authorities pursuant to KRS § 620.030. [*Id.* at 2-3.] Further, in December 2014 Plaintiff Jane Doe was asked to telephone a WISD employee to discuss "rumors" that Massey was involved sexually with Mary. The Defendants banned Massey from any further school functions, but they again failed to report the alleged sexual abuse pursuant to KRS § 620.030. [*Id.* at 3.]

As a result of the Defendants' alleged reporting and investigatory failures, the Plaintiffs filed suit against the Defendants on behalf of their daughter Mary. They allege constitutional violations pursuant to 42 U.S.C. § 1983 and KRS Chapter 344, *et seq*., as well as statutory violations of Title IX, 20 U.S.C. § 1681, and KRS § 344.555. [*Id.* at 3-6.] They seek civil damages as a result of the Defendants' criminal liability pursuant to KRS § 446.070. [*Id.* at 6-7.] They also state a claim for negligent and grossly negligent supervision, retention, and investigation against WISD for its supervision and retention of Coach Massey. [*Id.* at 7-8.]

2

The Defendants have filed a motion for leave to file a third party complaint, naming Jane Doe and John Massey as Defendants. [R. 37.] The Defendants maintain Jane Doe and John Massey contributed to or caused Mary Doe's injuries; therefore, they seek indemnity and contribution from them pursuant to KRS § 411.182, Kentucky's statute governing the apportionment of liability. [R. 37-2; R. 37-3 4.] The Plaintiffs oppose the Defendants' motion.

## II

Third party practice is governed by Federal Rule of Civil Procedure 14, which instructs that a defending party may serve a complaint on a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The defendant, or third party plaintiff, must obtain the Court's leave if it fails to assert the third party claim within fourteen days of its original answer. *Id.* Whether to grant a motion for leave to file a third party complaint is a matter purely within the discretion of the district court. *See General Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). Relevant factors for the district court to consider include balancing "the avoiding of duplicative litigation [with] ensuring that parties already before the Court receive reasonably expeditious adjudication." *Diar v. Genesco, Inc.*, 102 F.R.D. 288, 290 (N.D. Ohio 1984). The Sixth Circuit has also indicated the timeliness of the motion for leave to file is an "urgent factor governing the exercise of such discretion." *Irvin*, 274 F.2d at 178. Further, a third party complaint is permitted "only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him." *Baker v. Pierce*, 812 F.2d 1406 (6th Cir. 1987). "An impleader claim is proper only to assert that the third-party defendant is liable to the party impleading it (usually the defendant)." MOORE'S FED. PRACTICE, CIVIL § 1404 (2007).

As an initial matter, Plaintiff Jane Doe argues the Defendants need not attempt to add her as a third party defendant because she is already a party to the action. The proper mechanism to

3

assert a cause of action against her, she contends, is through a counterclaim pursuant to Federal Rule of Civil Procedure 13. [*See* R. 38 at 1.] Mrs. Doe, however, is not a party to the lawsuit in her individual capacity. She appears only as the parent, next friend, and natural guardian of her minor daughter, Mary. [*See* R. 1.] As the lawsuit currently stands, the Defendants could assert counter-claims only against Mary, and not against Jane Doe individually. *See Morgan v. Potter*, 157 U.S. 195, 198 (1895) ("It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially a party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another.") Procedurally, then, the Defendants' attempt to assert a third party complaint against Doe instead of an ordinary counterclaim is appropriate.

Nevertheless, Doe opposes the Defendants' motion on another ground—namely, that the Defendants' proposed third party complaint is implausible on its face and fails to survive the federal pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). [*See* R. 38 at 2-4.] She maintains the Defendants have not explained how she could possibly be liable to them and that the proposed third party complaint should be denied as futile. [*Id.*]

Courts consider the futility of a proposed amended complaint when ruling on a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).[2] Similarly, a court may consider the futility of a proposed third party complaint under Rule 14 to determine whether to exercise its discretion and allow the third party complaint to proceed. *See Budsgunshop.com, LLC v. Security Safe Outlet, Inc.*, No. 5:10-cv-00390-KSF, 2012 WL 1899851, at *8 (E.D. Ky. May 23, 2012); *In re Yahama*

---

[2] A proposed amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

4

*Motor Corp. Rhino ARV Products Liability Litigation*, No. 3:09-MD-2016-JBC, 2009 WL 2241599, at *2 (W.D. Ky. July 24, 2009) (finding a court may consider whether the proposed third party complaint "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim"); *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008). Here, the Court agrees with Mrs. Doe that the futility of the proposed third party complaint warrants dismissal of the Defendants' motion.

The Defendants maintain the proposed third party defendants Jane Doe and John Massey negligently and/or intentionally caused Mary Doe's injuries and that Doe and Massey are liable to the Defendants for indemnity and contribution. [R. 37-3.] However, the Defendants have failed to demonstrate how Doe and Massey could be liable to them based on the Plaintiffs' claims. The Defendants rest on KRS § 411.182 as support for their claims of indemnity and contribution. This Kentucky statute pertains to the allocation of fault in tort actions, and the majority of the Plaintiffs' claims do not sound in tort. *See* KRS § 411.182; [R. 1.] The first three claims are constitutional or statutory claims outside the stated scope of KRS § 411.182—the Plaintiffs assert a violation of Mary's constitutional rights pursuant to 42 U.S.C. § 1983 and KRS Chapter 344, *et seq.*; a violation of Title IX (20 U.S.C. § 1681) and KRS § 344.555; and a claim for civil damages based on the Defendants' alleged violation of criminal statutes pursuant to KRS § 446.070. [R. 1.] On the whole, the Defendants do not explain how KRS § 411.182, which governs the apportionment of liability in *tort* claims, supports their alleged right to contribution and indemnity for these statutory causes of action.

Moreover, while the Sixth Circuit has not specifically addressed the issue, *see Coleman v. Casey Cnty. Bd. of Educ.*, 686 F.2d 428, 429 n. 1 (6th Cir. 1982), the prevailing view is that no right to indemnification or contribution exists under § 1983. *See, e.g., Allen v. City of Los*

*Angeles*, 92 F.3d 842, 845 n. 1 (9th Cir. 1996); *Harris v. Angelina Cnty.*, 31 F.3d 331, 338 n. 9 (5th Cir. 1994); *Frantz v. City of Pontiac*, 432 F. Supp. 2d 717, 722 (E.D. Mich. 2006); *Hughes v. Adams*, No. 5:06-cv-p176-R, 2007 WL 3306076 (W.D. Ky. Nov. 6, 2007); *Hart v. City of Williamsburg*, No. 6:04-321-DCR, 2005 WL 1676894, at *3 (E.D. Ky. July 16, 2005). Similar to the statutory language of § 1983, Title IX does not explicitly provide for a right to indemnity or contribution. *See* 20 U.S.C. § 1681. The same holds true for the statute statutes referenced in the Plaintiffs' complaint. *See* KRS Chapter 344, *et seq.* (Kentucky civil rights statutes); KRS § 344.555 (statutory prohibition against sex discrimination by any educational program receiving state financial aid); KRS § 446.070 (statute governing civil recovery for statutory violations). The proposed third party claim for indemnity or contribution on these causes of action could not survive a Rule 12(b)(6) motion to dismiss. *See Rose*, 203 F.3d at 420.

Unlike the constitutional and statutory violations set forth in Counts I through III, however, Count IV of the complaint does set forth a tort claim. [*See* R. 1 at 7.] The Plaintiff alleges WISD owed its students a duty to act as a reasonably prudent school district in regard to its supervision, retention, and investigation of assistant football coach John Massey. [*Id.*] But even if the proposed third party defendants could ultimately be found liable to the Defendants for indemnity or contribution on this claim under KRS § 411.182, additional concerns persuade the Court to deny the Defendants' motion.

The Court may exercise discretion to deny a motion for leave to file a third party complaint where granting the motion could "unduly complicate the trial" or prejudice the plaintiff. *See, e.g.*, *In re Yamaha*, 2009 WL 2241599, at *2. The record indicates that Plaintiff and proposed third party defendant Jane Doe has already taken the depositions of the Defendants and other key parties. [*See* R. 30; R. 31; R. 32; R. 33.] At the time, she presumably did not

6

anticipate the need to ask questions and elicit testimony for the purpose of preparing her own defense in this action.  Further, while some time remains before the scheduled trial date of March 14, 2017, the action has been pending now for almost one year and began nearly eleven months prior to the Defendants' instant motion.  [*See* R. 1; R. 34.]  With discovery already underway and a majority of the proposed third party claims found to be outright futile, the Court will exercise its discretion to deny the Defendants' motion in its entirety.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Defendants' Motion for Leave to File a Third Party Complaint [R. 37] is **DENIED**.

This the 2nd day of May, 2016.

Gregory F. Van Tatenhove
United States District Judge